ROBERT M. CLEVELAND *d.b.a.* CLEVELAND MOTORS *vs.* OAKWOOD SALES & SERVICE, INC.

JULY 31, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This action of assumpsit was brought by the plaintiff to recover the amount of a check which was made by the defendant corporation and was endorsed and delivered by the payee thereof to the plaintiff.   At the conclusion of the evidence in a trial before a jury in the superior court, the trial justice granted plaintiff's motion for a directed verdict and denied a similar motion by defendant.   The case is before us on defendant's bill of exceptions to such decisions and to certain rulings on evidence during the trial.

The plaintiff is Robert M. Cleveland, of Bridgeport, Connecticut, doing business as Cleveland Motors, and the defendant is Oakwood Sales & Service, Inc., a Rhode Island corporation with its principal place of business in the town of Lincoln in this state.   According to the evidence Edgar A. Allard of Lincoln had purchased a 1949 Ford sedan from plaintiff for $1,200 and had delivered his own check for the purchase price.   The check was deposited by plaintiff and was returned to him unpaid being marked "Insufficient funds."   The plaintiff thereafter sought payment from Allard several times without success and finally threatened criminal action against him unless he paid $1,200 by June 29, 1951.

On Saturday, June 30, 1951, plaintiff received from Allard by special delivery mail a check for $1,200 which was made by the defendant corporation, was payable to Allard, and was endorsed by him to plaintiff.   The check, on which was

written in the left-hand corner "Payment in full on 1949 Ford Sedan," was deposited the following Monday for collection since the bank was closed on Saturday. Later plaintiff was notified by the bank that payment on the check had been stopped. The check was duly protested and notice of protest and nonpayment was given both to the payee-endorser Allard and the defendant maker. Neither the defendant nor Allard has paid for the 1949 Ford sedan or for the amount of the check.

During the trial defendant asked a number of questions in an attempt to show the conditions under which Allard had obtained the check from the maker. This testimony was intended and offered to show that there was no consideration for the check. Evidence under these questions was excluded by the trial justice and such rulings are the bases for exceptions 2 to 14 inclusive of defendant's bill of exceptions. While these exceptions deal with separate questions and evidence, all fundamentally are governed by the same principle of law. The question presented by these rulings and exceptions is whether defendant was entitled to show any collateral representations or conditions surrounding the alleged transaction between the maker and payee-endorser of the check so as to bind plaintiff who was a holder thereof in due course without notice of any such transaction.

The defendant does not question the genuineness of its signature as maker of the check or of the endorsement by the payee Allard. It is undisputed that Allard owed plaintiff an antecedent debt for the purchase price of the automobile which Allard sought to pay by endorsement and delivery of the check in question, and that no payment therefor has been made. There is no evidence to support a claim that plaintiff had any dealings whatever with defendant or that he knew or had notice of any of the alleged conditions or representations surrounding the transaction between defendant and Allard.

The defense is directed to an attempt to show that Allard had obtained the check upon the representation and agreement that he would deliver to the maker on the following Monday the amount of $1,200 to cover that check; that he did not keep his promise; that the maker therefore was justified in stopping payment; and that since there was no consideration for the check as between Allard and defendant, it was a good defense against plaintiff.

Granting that all these conditions or representations may have been true as between Allard and defendant, they would not serve to defeat plaintiff's right to recover on a check which he had taken in due course, in good faith, and for valuable consideration without notice in accordance with the uniform negotiable instruments law, general laws 1938, chapter 455, article III, §§30, 34. These sections provide in part:

> "§30. Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."
> "§34. Absence or failure of consideration is matter of defense as against any person *not* a holder in due course * * *." (italics ours)

Admittedly there was a valuable, antecedent consideration between plaintiff and Allard who had endorsed and delivered the check. In the absence of any attempt to connect the plaintiff with notice of Allard's alleged representations to defendant maker, the trial justice properly excluded the evidence solicited under questions referred to in exceptions 2 to 14 inclusive.

In support of his argument, however, defendant has cited certain portions of the opinions in *White* v. *Plasse,* 51 R. I. 21, 23, and *Stevens Coal Co.* v. *Manoogian,* 59 R. I. 137, 139. But neither of those cases involves a holder in due course without notice who is suing a maker and endorser of a negotiable instrument. In the *Stevens Coal Co.* case a representative of the plaintiff was charged with participating in

the agreement made by the parties and naturally was subjected to inquiry as to such conditions, if any, and as to whether they had been fulfilled. That action was between parties to the negotiable instrument and did not involve the rights of a holder in due course without notice.

In the *White* case the plaintiff was receiver of the bank which was the payee of the note, so that the action there was in effect between parties to the note and not between a holder in due course and the maker thereof. Clearly the court's statement in that case, namely, "Said defendant offered no proof of lack of consideration," refers only to an action between parties, as there, where lack of consideration may be shown. See G. L. 1938, chap. 455, art. III, §§30, 34. *Lopato* v. *Hayman,* 43 R. I. 271; *Old Kentucky Distributing Corp.* v. *Morin,* 50 R. I. 163.

But the conclusions in such cases are quite different from holdings that, in a suit brought by a holder in due course for valuable consideration without notice of any defects or claims as between certain parties to the instrument, the maker may nevertheless attack the consideration of an instrument which it has put into circulation and which satisfies all the other requirements of the negotiable instruments act. Exceptions 2 to 14 are therefore overruled.

The remaining question is whether there was any evidence which would present a material issue under the statute for consideration by the jury. Apart from what was excluded, no such evidence is claimed by defendant in his brief and we find none in the transcript. All the conditions necessary to constitute the plaintiff as a holder in due course for value and without notice under the law have been shown and are not disputed. In the absence of any testimony connecting the plaintiff with notice of any defects in the instrument or its consideration, he was entitled to accept it at its face value. Having presented it for collection promptly and having fulfilled the other obligations of the law, there was only one reasonable view of the evidence and

therefore the plaintiff was entitled to a direction of a verdict. For the same reason the trial justice properly denied the defendant's motion for a directed verdict. These exceptions are overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Dick & Carty, E. Harold Dick, Joseph B. Carty,* for plaintiff.

*William R. Goldberg,* for defendant.